UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| CHRISTOPHER HUGHES, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 08-219-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| STEVE HANEY, Warden, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court upon the pro se Petition for Writ of Habeas Corpus [R. 1] filed by Christopher Hughes pursuant to 28 U.S.C. § 2254. Consistent with local practice, this matter was referred to Magistrate Judge Robert E. Wier for initial screening and preparation of a report and recommendation. Judge Wier filed his Recommended Disposition [R. 20] on February 10, 2010. Therein, he recommends that Hughes's Petition, alleging improper admission of a coerced confession, use of illegally-seized evidence, prosecutorial misconduct, ineffective assistance of counsel, and cumulative error, be denied with prejudice. [*Id.*]

Hughes filed timely objections to the Recommended Disposition [R. 21]. First, Hughes objects to Judge Wier's deference to the state court factual findings. [*Id.*] Hughes further challenges Judge Wier's finding that his claims of use of a coerced confession and use of illegally-seized evidence are procedurally defaulted. [*Id.*] Finally, Hughes objects to Judge Wier's conclusion that he is not entitled to habeas relief on the grounds of prosecutorial misconduct or ineffective assistance of counsel. [*Id.*]

Hughes's objections trigger this Court's obligation to conduct a *de novo* review. *See* 28

U.S.C. § 636(b)(1)(c). The Court has satisfied this duty, reviewing the entire record, including the pleadings, the parties' arguments, relevant case law, and statutory authority, as well as applicable procedural rules. For the following reasons, Hughes's objections will be overruled.

## I.

### A.

Following a jury trial, both Hughes and Homer Ray Lawson, his co-defendant, were convicted of burglary in the first degree, two counts of theft by unlawful taking of the value less than $300, and five counts of unlawful imprisonment in the first degree relating to an incident that occurred at the residence of the Vanourney family on the evening of December 19, 2001. [R. 11, Attach. 5.] In his Recommended Disposition, Judge Wier notes that Hughes contests the factual findings of the Kentucky Supreme Court, which the Kentucky Court of Appeals used when it denied Hughes's RCr 11.42 motion.[1] [R. 20 at 2 n. 1.] Because he determined that Hughes failed to offer the clear and convincing evidence necessary to support his alternative version of the facts and overcome the presumption of correctness for state court factual findings, however, Judge Wier deferred to the factual findings of the Kentucky Supreme Court. [*Id.*] *See* 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.").

---

[1] Judge Wier's Recommended Disposition accurately sets forth the applicable standard of review for granting habeas relief pursuant to § 2254(d). Except for what the Court may supplement in its discussion, the Court incorporates his discussion of the standard of review into this Order.

Hughes challenges Judge Wier's decision to defer to the factual findings of the state court.[2] Hughes states that he "has previously refuted the[se] incorrect 'facts' in his post-conviction pleadings." [R. 21 at 1.] Hughes then sets forth a list of facts from the state court record, which he refers to as the victims' "accusations of crimes," followed by what he believes to be clear and convincing evidence that "completely discredit[s] them." [*Id.* at 2. *See id.* at 2-5.]

After reviewing Hughes's objections, his other pleadings before this Court, and the post-conviction record, the Court agrees with Judge Wier that Hughes has not presented clear and convincing evidence to support his alternative version of the facts. Hughes largely points the Court to the unsupported allegations contained in his post-conviction pleadings. For example, Hughes, referencing his appellate briefs, states that he "has averred that the 'kidnapping equipment' was planted by the Vanourneys/police in their residence." [*Id.* at 2.] To Hughes, this refutes the Vanourney's claim (and the state court's finding) that he bound the victims with duct tape. [*Id.*] But Hughes's own unsupported allegations are insufficient to overcome the presumption of correctness for state court factual findings. *See* 28 U.S.C. § 2254(e)(1). Moreover, as noted by Judge Wier [R. 20 at 2 n. 1], Hughes's brief on direct appeal belies his description of an innocent visit with the Vanourney family. [R. 11, Attachs. 6 & 7 at 3-7.] Accordingly, the Court will adopt Judge Wier's discussion of the factual background of Hughes's

---

[2]The Court acknowledges its duty to review Hughes's pro se pleadings under a more lenient standard than the one applied to attorneys. *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985). The law in this circuit is clear that, "however inartfully pleaded," allegations in a pro se complaint are entitled to a "liberal construction" that may require "active interpretation in some cases to construe a pro se petition to encompass any allegation stating federal relief." *Id.* (citations and internal quotation marks omitted).

case.

**B.**

Hughes next objects to Judge Wier's determination that his Fifth Amendment coerced confession claim is subject to procedural default. [R. 21 at 9.] Hughes states that he raised this issue to the state courts in his motion to vacate pursuant to RCr 11.42 in the context of his claim for ineffective assistance of counsel. [*Id.*]

This objection appears to be based on a misunderstanding of Judge Wier's decision. In his Recommended Disposition, Judge Wier explains that Hughes did not raise a Fifth Amendment/Miranda rights violation at trial or on direct appeal. [R. 20 at 16. *See* R. 11, Attachs. 6-8.] Rather, Hughes later characterized this issue as a claim for ineffective assistance of counsel in his motion for state collateral relief. [R. 20 at 16. *See* R. 11, Attach. 14.] Accordingly, Judge Wier found that, to the extent Hughes intends his coerced confession claim to fall under the Fifth Amendment, the claim is procedurally defaulted. [R. 20 at 16.] He further found, however, that Hughes fairly presented a Sixth Amendment ineffective assistance claim to the state court. [*Id.*] This seems to be the precise argument Hughes makes in his objections to the Magistrate Judge's recommendation. Thus, Hughes's objection on this issue will be overruled.[3]

**C.**

Hughes also objects to Judge Wier's determination that his Fourth Amendment use of

---

[3]To the extent that Hughes's objection can be construed as challenging Judge Wier's finding that Hughes's counsel did not provide ineffective assistance by failing to file a motion to suppress on the basis of allegedly coerced statements, that objection will also be overruled. As explained in Judge Wier's recommendation, Hughes has not demonstrated that such a motion would have been successful. [*See* R. 20 at 23-4.]

illegally-seized evidence claim is subject to procedural default. [R. 21 at 9.] Hughes argues that he has previously made allegations that the police planted evidence and testified to the presence of "phantom evidence" that did not exist. [*Id.* at 9-10.]

The record reveals, however, that Judge Wier's conclusion is correct: Hughes did not raise his Fourth Amendment claim either on direct appeal or in the context of his RCr 11.42 motion, and thus it was not fairly presented to the state court. *See Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). Nor did Hughes raise the issue in the context of his Sixth Amendment claim for ineffective assistance of counsel.[4]

Judge Wier is also correct that Hughes has not demonstrated "cause for the default and prejudice resulting therefrom, or that failing to review the claim would result in a fundamental miscarriage of justice." *Id.* at 805-806 (citation omitted). Essentially, the only evidence Hughes provides suggesting that the police planted or conjured up false evidence comes in the form of his own unsupported, unsubstantiated statements and allegations.

**D.**

Hughes contends that Judge Wier erred in concluding that habeas relief is not warranted on the basis of prosecutorial misconduct. [R. 21 at 10.] Hughes references the prosecutor's

---

[4]As noted by Judge Wier, Hughes attempts to save his Fourth Amendment claim by putting it in the context of his ineffective assistance of counsel claim in the reply brief in support of his Petition (and in his objections to Judge Wier's recommendations). But a reply brief is not the proper place to raise an issue for the first time. *See Lexicon, Inc. v. Safeco Ins. Co. Of America, Inc.*, 436 F.3d 662, 676 (6th Cir. 2006).

(apparently inadvertent) discovery violation in failing to turn over an investigative report. The Court agrees with Judge Wier, however, that the Kentucky Supreme Court did not unreasonably apply federal law when it determined that this violation was harmless due to the overwhelming evidence of Hughes's guilt. [*See* R. 20 at 21; 28 U.S.C. § 2254(d).] The Court further agrees that Hughes's twenty-year sentence, in contrast to Lawson's fifteen-year sentence, is not proof of prejudice. [*See* R. 20 at 21.] The jury reasonably could have concluded from the evidence that Hughes played a greater role in, and was thus more culpable for, the offense.

Additionally, Hughes repeats his accusations that the prosecutor introduced a falsified report and encouraged, or even directed, the victims to commit perjury. [*Id.*] As stated by Judge Wier, however, Hughes offers no evidence to support these serious accusations. Hughes also references "improper" statements made by the prosecutor during the trial and during closing arguments. [R. 21 at 11.] But the Court agrees with the Magistrate Judge that Hughes does not demonstrate that these statements were unsupported by the evidence or unfairly inflamed the jury. *See Broom v. Mitchell*, 441 F.3d 392, 412 (6th Cir. 2006). Thus, Judge Wier correctly determined that the Kentucky Court of Appeals's conclusions with respect to Hughes's prosecutorial misconduct claim were not unreasonable, and Hughes's objections to Judge Wier's decision will be overruled.

### E.

Hughes's final objections to the Recommended Disposition relate to his claim of ineffective assistance of counsel. These objections are largely reiterations of the arguments made in his Petition. First, Hughes repeats his contention that his counsel admitted his guilt without his permission and "sold him out" to the government. [R. 21 at 11-12.] As noted by Judge Wier

and the Kentucky Court of Appeals, however, Hughes has not shown that his counsel's strategy–admitting that Hughes made some bad decisions, while attempting to show that he did not have the intent to commit the charged crimes–was unreasonable, especially in light of the fact that there was no dispute that Hughes went to the Vanourney's home on the night in question. [*See* R. 20 at 25; R. 11, Attach. 25 at 7.]  Further, this is not like the case of *Wiley v. Sowders*, 647 F.2d 642, 650 (6th Cir. 1981), in which counsel for the petitioner informed the jury that his client was "guilty beyond a reasonable doubt" of the charged crimes without his client's consent. As noted by the trial court, despite Hughes's current misgivings about his counsel's strategy, he adopted it during trial when he took the stand in his own defense and "admitted to a number of facts that were adverse to his penal interest." [*See* R. 11, Attach. 18 at 17; R. 20 at 9-10.] Moreover, counsel's strategy was at least partially successful, as Hughes was ultimately convicted of unlawful imprisonment rather than the more serious crime of kidnapping. [*See* R. 20 at 25; R. 11, Attach. 25 at 7.]

Hughes also repeats his contention that his counsel had a conflict of interest, as he also represents Operation UNITE.  But the Court agrees with Judge Wier that Hughes has not demonstrated that his counsel actively represented conflicting interests, as he has not shown that his counsel represented UNITE during the pendency of his trial, nor has he shown that the officers involved in his case were affiliated with UNITE. [*See* R. 20 at 24; *Strickland v. Washington*, 446 U.S. 668, 692 (1984).]

Further, Hughes repeats his claims that his counsel's performance was deficient because he failed to investigate an insanity defense until it was too late, refused to object to certain evidence, and refused to accuse the police of misconduct. [R. 21 at 12.]  Hughes adds nothing

new to these arguments, and the Court finds nothing in the record that causes it to disagree with the recommendation of Judge Wier. Hughes's objections to Judge Wier's recommendation concerning his ineffective assistance claim will be overruled.

## II.

Finally, consistent with Judge Wier's recommendation, the Court declines to issue a certificate of appealability. Such a certificate may issue where a habeas petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court rejects constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where dismissal is premised on procedural grounds, the petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* It is the duty of the district court to make an individualized determination of each claim presented by the petitioner in determining whether to grant a certificate of appealability. 28 U.S.C. § 2253(c)(3); *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Here, the Court believes that reasonable jurists would not find its decisions, substantive and procedural, to be debatable.

## III.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

(1) The Petitioner's Objections to the Magistrate's Recommended Disposition

[R. 21] are **OVERRULED**;

(2)    The Magistrate Judge's Recommended Disposition [R. 20] is **ADOPTED** as and for the opinion of this Court;

(3)    Hughes's Petition [R. 1] is **DISMISSED with prejudice**;

(4)    The Petitioner's request for a Certificate of Appealability is **DENIED**; and

(5)    **JUDGMENT** in favor of the Defendant will be entered contemporaneously herewith.

This the 28th day of October, 2010.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge